## Eureka Coal Company v. Kentucky-Tennessee Coal Company.

(Decided March 5, 1918.)

### Appeal from Whitley Circuit Court.

Railroads.—Use of Spur Track to Coal Mine—Compensation.— Where the only question between the owner of a spur track and the owner of a mine, who wanted to use the track, was what compensation should be paid for the privilege, the amount of compensation should be fixed by the lower court.

H. C. GILLIS for appellant.

ROSE & POPE, R. L. POPE and R. S. POPE for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellant, the Eureka Coal Co., owns the coal in three bodies of land known as the Gatliff Coal Co. tract, the J. M. Sharp tract and the Angeline Bennett tract. The J. M. Sharp and the Gatliff Coal Co. tracts lie back of the Angeline Bennett tract. The appellee, Kentucky-Tennessee Coal Co., owns a short railroad spur connecting its coal properties with the L. & N. Railroad Company's line of road. This spur track touches the Angeline Bennett tract owned by the Eureka Coal Co., and the Eureka Coal Co., desiring to haul the coal that it might mine from the Sharp, Gatliff and Bennett tracts to the

L. & N. railroad, brought this suit for the purpose of compelling the Kentucky-Tennessee Coal Co. to permit it to use the spur railroad in order that it might get its coal out to the L. & N. track. In its petition it averred that it had no other way of shipping or transporting its coal from its mine to a railroad or market except over this spur track.

The prayer of the petition was that the court "award it a perpetual, mandatory injunction, enjoining and requiring the defendant to give, furnish and permit the plaintiff the right and privilege of free access to, and the right to tap, and the free use of all the spur tracks, side tracks and other tracks, built and maintained, or which shall hereafter be built and maintained, by the defendant on the land conveyed by Angeline Bennett to A. R. Humble as set out in this petition, and from said land to the L. & N. railroad, and the right and privilege to ship and transport over said tracks, free of charge, any and all coal and other merchantable things from plaintiff's mine and elsewhere to said L. & N. railroad, and enjoining the defendant from in any way preventing or interfering with plaintiff in so doing."

In its answer the defendant denied all the averments of the petition.

After this the Eureka Coal Co. filed an amended petition in which it amended the prayer of its original petition by asking that, if the court should hold that it was not entitled to transport all, or any part, of the coal owned by it under its leases over the spur track of the defendant free of charge, it be permitted to transport said coal over said track by paying to said defendant, or its successors, or assigns, a reasonable price per ton for the use of said track, to be fixed by the court, and for all necessary and proper orders to secure plaintiff in such right without interference by defendant.

It will be noticed that this amended petition merely amended the prayer of the petition by asking that the court give it the right to transport coal over the spur track upon payment by it of compensation to be fixed by the court instead of giving it the right, as asked in the original petition, to transport its coal free of charge.

In the judgment the lower court decided that the Eureka Coal Co. was entitled to free access to the spur railroad track of the defendant described in the pleadings and evidence and to tap said track at any place

it desired, and to ship and transport free of charge over this spur all coal and other merchantable things in and on the tract of land which we may describe as the Angeline Bennett track; and further decided that it was not entitled to ship or transport over this spur track any coal or other merchantable things from any other land except this Angeline Bennett tract, "either free of charge or by paying any sums as trackage, rental or freight charges, unless with consent of the defendant."

The court further adjudged that the Eureka Coal Co. should recover its costs incurred in establishing its right to tap and use the spur track to ship out its coal from the Angeline Bennett land, and that the defendant should recover its costs in defeating the claim of the Eureka Coal Co. to the right to ship coal from other land over this track.

To so much of this judgment as denied the right of the Eureka Coal Co. to ship coal from tracts other than the Angeline Bennett tract, either free of charge or by paying reasonable charges therefor, and to so much of the judgment as awarded costs against it, the Eureka Coal Co. prosecutes this appeal.

It will be seen from the judgment that the Eureka Coal Co. was given all the rights and privileges that it prayed for as to coal on the Angeline Bennett land, but was denied the right to ship over the spur track, even upon the payment of reasonable charges therefor, any coal from the Sharp or Gatliff lands, unless with the consent of the Kentucky-Tennessee Coal Co. So that the only matter here in issue is so much of the judgment as denied the right of the Eureka Coal Co. the use of the spur track for the shipment of its coal from the Sharp and Gatliff lands upon the payment of reasonable charges for the use of the spur track; and there really seems to be no substantial issue between the parties as to the right to ship coal from the Sharp and Gatliff tracts over this spur upon the payment of reasonable compensation therefor, because counsel for the Eureka Coal Co. in his brief says that "it is willing to pay appellee a fair price for the use of its spur track in hauling coal over same, but appellee refuses to permit appellant to haul or ship any coal from the Sharp and Gatliff tracts over its spur track"; and counsel for appellee say in their brief that there is no objection to the shipment of coal from the

Sharp, and Gatliff lands over this spur track upon the payment of reasonable compensation therefor by the Eureka Coal Co. It would thus appear that the only matter in dispute between these parties is what is reasonable compensation for the service desired by the Eureka Coal Co.

This issue we are asked by counsel for the Eureka Coal Co. to determine, but we decline to do so. It should have been determined in the lower court before this appeal was prosecuted and doubtless would have been if the court had been asked to refer the case to a commissioner for the purpose of reporting what would be reasonable compensation, or had been expressly requested by motion to fix itself reasonable compensation. But it does not appear from the record that the Eureka Coal Co. moved or requested the court to do either of these things or made any request that compensation be fixed by the lower court.

It is true that in the amended petition heretofore referred to the Eureka Coal Co. prayed that, if the court held that it was not entitled to free use of the spur track, it be permitted to ship coal over this track by the payment of a reasonable price to be fixed by the court, and some evidence was taken on this subject; but, as we have said, this prayer does not seem to have been followed up by any request or motion in the lower court, and in the judgment the lower court apparently ignored this amended petition by adjudging that the Eureka Coal Co. could not use this spur track for the purpose of getting out its coal from the Sharp and Gatliff lands unless by the consent of the Kentucky-Tennessee Coal Co. It would therefore appear that even if the Eureka Coal Co. had offered to pay a reasonable price for the use of the spur track to ship its coal from the Sharp and Gatliff lands, it could not do so unless the Kentucky-Tennessee Coal Co. consented that it might exercise this privilege, and hence it was necessary for the Eureka Coal Co. to prosecute this appeal in order to obtain the right upon the payment of reasonable compensation to ship its coal from the Sharp and Gatliff tracts.

Wherefore, the judgment is reversed, with directions to the lower court to fix and determine a reasonable compensation to be charged the Eureka Coal Co. for the privilege of shipping coal from the Sharp and Gatliff lands over this spur track.